IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LARRY PHILPOT, | ) | CIVIL NO. 18-00057 DKW-RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATIONS TO |
| | ) | DENY PLAINTIFF'S SECOND MOTION |
| vs. | ) | TO STRIKE CERTAIN OF |
| | ) | DEFENDANTS' AFFIRMATIVE |
| WORLD PUBLIC LIBRARY | ) | DEFENSES |
| ASSOCIATION, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S SECOND
MOTION TO STRIKE CERTAIN OF DEFENDANTS' AFFIRMATIVE DEFENSES[1]

Before the Court is Plaintiff's Second Motion to Strike Certain of Defendants' Affirmative Defenses, filed on May 3, 2018 ("Motion"). ECF No. 18. Defendants filed their Opposition on May 17, 2018. ECF No. 28. Plaintiff filed his Reply on May 21, 2018. ECF No. 29. The Court found this matter suitable for disposition without a hearing pursuant to Local Rule 7.2(d). ECF No. 19. After carefully reviewing the parties' submissions and the relevant legal authority, the Court FINDS AND RECOMMENDS that the district court DENY the Motion.

BACKGROUND

Plaintiff filed this action against Defendants on February 13, 2018, asserting claims for copyright infringement,

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

contributory copyright infringement, and Digital Millennium
Copyright Act violations related to Plaintiff's 12 photographic
works.  ECF No. 1.  In the present Motion, Plaintiff asks the
Court to strike Defendants' Third Affirmative Defense (waiver)
and Eighth Affirmative Defense (fair use) asserted in Defendants'
First Amended Answer to Complaint, filed on May 2, 2018.  ECF No.
18.

ANALYSIS

Rule 12(f) of the Federal Rules of Civil Procedure
provides that the court "may strike from a pleading an
insufficient defense or any redundant, immaterial, impertinent,
or scandalous matter."  Fed. R. Civ. P. 12(f).  The purpose of a
Rule 12(f) motion is to "avoid the expenditure of time and money
that must arise from litigating spurious issues by dispensing
with those issues prior to trial."  Whittlestone, Inc. v.
Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (citations
omitted).

A defense is insufficiently pleaded if it fails to give
the plaintiff fair notice of the nature of the defense.  Simmons
v. Navajo Cnty., Ariz., 609 F.3d 1011, 1023 (9th Cir. 2010);
Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979).
Fair notice generally requires that the defendant simply state
the nature and grounds for the affirmative defense.  Kamakeeaina
v. City & Cty. of Honolulu, No. CIV.A. 11-00770 SOM, 2013 WL

2

816411, at *3 (D. Haw. Feb. 15, 2013), *adopted by*, 2013 WL 816090 (D. Haw. Mar. 5, 2013).

Rule 12(f) motions are "generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." Kohler v. Islands Rests., LP, 280 F.R.D. 560, 563-64 (S.D. Cal. 2012) (quoting Neilson v. Union Bank of Cal., N.A., 290 F.Supp. 2d 1101, 1152 (C.D. Cal. 2003)).  When ruling on a motion to strike, the court must view the pleading in question in the light most favorable to the non-moving party.  In re Facebook PPC Adver. Litig., 709 F. Supp. 2d 762, 772 (N.D. Cal. 2010).

### 1. Defendants' Third Defense - Waiver

Plaintiff asks the Court to strike Defendants' third defense, which states that Plaintiff's claims are barred by waiver.  ECF No. 18-1 at 3-4; ECF No. 17 at 24.  In general, waiver is the "intentional relinquishment or abandonment of a known right." United States v. Perez, 116 F.3d 840, 845 (9th Cir. 1997).  In copyright infringement actions, waiver "occurs only if there is an intent by the copyright proprietor to surrender rights in his work." See A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1026 (9th Cir. 2001).

Here, the Court finds that the allegations in the Complaint and in the First Amended Answer are sufficient to provide notice to Plaintiff of the basis for Defendants' waiver

defense.  Specifically, the Complaint alleges that Plaintiff made most of the works at issue available to the public by uploading them to Wikipedia and that Plaintiff agreed to make the works available for distribution and display pursuant to the Creative Commons Licenses.  See ECF No. 1.  Defendants allege that they republish articles that incorporated Plaintiff's works consistent with the Creative Commons License.  ECF No. 17.  Based on these allegations, the Court finds that Plaintiff has sufficient information to ascertain the basis for the affirmative defense of waiver.  See Wyshack, 607 F.2d at 827.  Accordingly, the Court FINDS and RECOMMENDS that the district court DENY Plaintiff's request to strike Defendants' third affirmative defense.

### 2.  Defendants' Eighth Affirmative Defense - Fair Use

Plaintiff requests that the Court strike Defendants' eighth affirmative defense, which states that Plaintiff's claims are barred by the doctrine of fair use.  ECF No. 18-1 at 4.  Fair use is an affirmative defense that "presumes that unauthorized copying has occurred, and is instead aimed at whether the defendant's use was fair."  Monge v. Maya Magazines, Inc., 688 F.3d 1164, 1170 (9th Cir. 2012).  The Copyright Act provides that various factors should be considered in determining whether the use of a work in a particular case is fair use.  See 17 U.S.C. § 107.  Among the factors to be considered is the purpose of the use including whether such use is commercial or for nonprofit

4

educational purposes.  <u>Id.</u>  In the Complaint, Plaintiff alleges that Defendant is a nonprofit corporation and that Defendants' website promotes itself as a learning tool for students.  ECF No. 1 ¶¶ 6, 20.  The Court will not address the substantive arguments made by the parties regarding the sufficiency of this defense.  However, the Court finds that Defendants' eighth defense is sufficient for purposes of surviving a Rule 12(f) motion to strike.  Accordingly, the Court FINDS and RECOMMENDS that the district court DENY Plaintiff's request to strike Defendants' eighth affirmative defense.

<u>CONCLUSION</u>

The Court FINDS AND RECOMMENDS that the district court DENY Plaintiff Second Motion to Strike Certain of Defendants' Affirmative Defenses.

IT IS SO FOUND AND RECOMMENDED.

DATED HONOLULU, HAWAII, JUNE 25, 2018.

_____
Richard L. Puglisi
United States Magistrate Judge

<u>PHILPOT V. WORLD PUBLIC LIBRARY ASSOCIATION, ET AL.</u>, CIVIL NO. 18-00057 DKW-RLP; FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S SECOND MOTION TO STRIKE CERTAIN OF DEFENDANTS' AFFIRMATIVE DEFENSES